# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. YULIT, et al.,<br><br>        Defendants.<br>_____/ | 1:12-cv-00947-GSA-PC<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT'S ORDER<br>(Doc. 8.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

      Robert D. Johnson ("Plaintiff"), proceeding pro se, filed this civil rights action on June 1, 2012. (Doc. 1.) On June 19, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 9.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

      Plaintiff has not paid the $350.00 filing fee or filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and on June 14, 2012, the Court entered an order requiring Plaintiff to do so within forty-five days. (Doc. 8.) More than forty-five days have passed and Plaintiff has not complied with or otherwise responded to the Court's order. Plaintiff was forewarned in the Court's order that dismissal would occur if he failed to obey the order.

      A civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Because Plaintiff has submitted neither and has not responded to the Court's order to do so, dismissal of this action is appropriate. In re

1  Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006);
2  Local Rule 110.  In determining whether to dismiss this action for failure to comply with the
3  directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest
4  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
5  prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public
6  policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th
7  Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

8  "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
9  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action
10 has been pending since June 1, 2012.  Plaintiff's failure to respond to the Court's order may reflect
11 Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to
12 expend its scarce resources assisting a litigant who will not help himself by resolving the payment
13 of the filing fee for his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

14 Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
15 of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the
16 risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's
17 failure to resolve the payment of the filing fee for this action in the first instance and to respond to
18 the Court's order in the second instance that is causing delay.  Therefore, the third factor weighs in
19 favor of dismissal.

20 As for the availability of lesser sanctions, at this stage in the proceedings there is little
21 available to the Court which would constitute a satisfactory lesser sanction while protecting the
22 Court from further unnecessary expenditure of its scarce resources.  Plaintiff failed to pay the filing
23 fee for this action, indicating that he may be indigent, making monetary sanctions of little use, and
24 given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.
25 However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is
26 stopping short of issuing the harshest possible sanction of dismissal with prejudice.

27 Finally, because public policy favors disposition on the merits, this factor will always weigh
28 against dismissal.  Id. at 643.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, for Plaintiff's failure to obey the Court's order of June 14, 2012; and

2. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   August 23, 2012**                              /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE