# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. JOHNSON, | 1:12-cv-00947-GSA-PC |
|     Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 12.) |
| DR. YULIT, et al., | ORDER FOR CLERK TO REOPEN CASE |
|     Defendants. | |

**I.  BACKGROUND**

Robert D. Johnson ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action on June 1, 2012, at the United States District Court for the Northern District of California. (Doc. 1.) On June 6, 2012, the case was transferred to the Eastern District of California. (Doc. 4.)

On June 19, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 9.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 23, 2012, the undersigned dismissed this action without prejudice, based on Plaintiff's failure to comply with the Court's order of June 14, 2012 requiring him to submit a new application to proceed in forma pauperis or pay the filing fee for this action. (Doc. 10.) On September 13, 2012, Plaintiff filed a motion for reconsideration of the order dismissing this action. (Doc. 12.)

**II.  MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

1  and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d
2  737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must
3  demonstrate both injury and circumstances beyond his control . . . ."  <u>Id.</u> (internal quotation marks
4  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
5  to show "what new or different facts or circumstances are claimed to exist which did not exist or
6  were not shown upon such prior motion, or what other grounds exist for the motion."

7       "A motion for reconsideration should not be granted, absent highly unusual circumstances,
8  unless the district court is presented with newly discovered evidence, committed clear error, or if
9  there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma</u>
10 <u>GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
11 and "[a] party seeking reconsideration must show more than a disagreement with the Court's
12 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
13 decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

14      Plaintiff argues that his case should not have been dismissed for failure to comply with the
15 Court's order to submit an application to proceed in forma pauperis ("application"), because he
16 submitted two applications in this action, on May 24, 2012 and July 12, 2012.  Plaintiff asserts that
17 on May 24, 2012, he submitted an application with his Complaint.  (Motion, Doc. 12 at 1.)  Plaintiff
18 asserts that on July 12, 2012, he submitted another application in response to a request from the
19 Court.  <u>Id.</u>  In support of his motion for reconsideration, Plaintiff has submitted documentation of
20 his efforts to obtain the trust account information required by the Court as part of the application
21 process.  (Exhibits to Motion.)  Also, Plaintiff submitted a new, completed application to proceed
22 in forma pauperis on September 13, 2012, along with his motion for reconsideration.  (Doc. 13.)

23 **II.   DISCUSSION**

24      A review of the Court's docket shows that before the Court dismissed this case on August
25 23, 2012, Plaintiff had filed only one application to proceed in forma pauperis in this action, on June
26 1, 2012 at the Northern District of California where this case commenced.  (Doc. 2.)  The application
27 was deficient, and on June 1, 2012, the Northern District sent Plaintiff a notice requiring him to file
28 a new application within thirty days.  (Doc. 3.)  There is no evidence on the docket that Plaintiff

submitted a new application in response to the Northern District's notice. (Court Docket.) On June 6, 2012, Plaintiff's case was transferred to the Eastern District of California. (Doc. 4.) On June 14, 2012, the Eastern District issued an order requiring Plaintiff to submit another application, or pay the filing fee for this action, within thirty days. (Doc. 8.) Plaintiff did not submit an application, pay the filing fee, or otherwise respond to the order, and on August 23, 2012, the case was dismissed for Plaintiff's failure to comply with the order. (Doc. 10.)

There is no record on the docket that Plaintiff ever submitted an application to the Eastern District. Nevertheless, Plaintiff appears certain that he submitted an application in July 2012 in response to the Court's order of June 14, 2012. Plaintiff's evidence shows that in July 2012 he requested documentation from the prison which was required by the Court's order. Moreover, Plaintiff has now submitted a new application to proceed in forma pauperis, which will enable this case to proceed. The Court finds that Plaintiff has sufficiently demonstrated that he made a good faith attempt to comply with the Court's order of June 14, 2012, but for unknown reasons the Court did not receive his application. Therefore, Plaintiff's motion for reconsideration shall be granted and this case shall be reopened.

### III.   CONCLUSION AND ORDER

The Court finds that Plaintiff has shown good cause for the Court to grant his motion for reconsideration, and this case shall be reopened.

Therefore, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on September 13, 2012, is GRANTED; and

2. The Clerk is DIRECTED to reopen this case.

IT IS SO ORDERED.

Dated:   **September 18, 2012**             /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE