UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. JOHNSON, | 1:12-cv-00947-GSA-PC |
| Plaintiff, | ORDER FOR CLERK TO FILE SECOND AMENDED COMPLAINT WHICH WAS LODGED ON NOVEMBER 14, 2013 |
| vs. | |
| DR. YULIT, et al., | (Doc. 24.) |
| Defendants. | ORDER RE MOTION REQUESTING STATUS AND PERMISSION TO FILE SUMMONSES |
| | (Doc. 22.) |

**I.      BACKGROUND**

Robert D. Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint on June 1, 2012, at the United States District Court for the Central District of California.  (Doc. 1.)  On June 6, 2012, the case was transferred to the Fresno Division of the Eastern District.  (Doc. 4.)  On June 19, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 9.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On January 14, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 21.)  On May 9, 2013, Plaintiff filed a motion requesting a status update for his case and requesting

1 permission "to file summons."  (Doc. 22.)  On November 14, 2013, Plaintiff lodged a proposed
2 Second Amended Complaint.  (Doc. 24.)

3 **II.     LEAVE TO AMEND – RULE 15(a)**

4 Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the
5 party's pleading once as a matter of course at any time before a responsive pleading is served.
6 Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written
7 consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here,
8 because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to
9 file a Second Amended Complaint.

10 "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
11 requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir.
12 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where
13 the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an
14 undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is
15 insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan,
16 Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58
17 (9th Cir. 1999)).

18 **Discussion**

19 Plaintiff submitted a proposed Second Amended Complaint eight months after he filed
20 the First Amended Complaint.  The court now has before it the First Amended Complaint and
21 the lodged Second Amended Complaint.   The court has examined the First Amended
22 Complaint and the Second Amended Complaint and finds that they both concern Plaintiff's
23 medical care claims against prison staff at Corcoran State Prison for inadequate treatment for
24 his diabetes.  Plaintiff has added defendants to the Second Amended Complaint for claims
25 which appear to be related to those in the First Amended Complaint.  Therefore, the court finds
26 good cause to allow Plaintiff to proceed with the Second Amended Complaint.  The court finds
27 no evidence that Plaintiff seeks to amend in bad faith, or that allowing the amendment
28 prejudices the defendants, produces an undue delay in the litigation, or is futile.  Therefore, the

court shall allow Plaintiff to file a Second Amended Complaint at this stage of the proceedings, and the Second Amended Complaint shall supercede the First Amended Complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).

### III.  PLAINTIFF'S MOTION FOR STATUS

This order shall resolve Plaintiff's request for status of his case, filed on May 9, 2013. With respect to Plaintiff's request "to file summons," Plaintiff is advised that it is not yet time for service of process in this case.  Before service can proceed, the court is required to screen the Second Amended Complaint to determine if it contains cognizable claims upon which Plaintiff may proceed.  28 U.S.C. § 1915A.  The court shall not direct the United States Marshal to serve process upon defendants unless the court finds that Plaintiff has stated cognizable claims.  Until that time, Plaintiff is not required to do anything to initiate service. The court shall screen the Second Amended Complaint in due time.

### IV.  CONCLUSION

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff is granted leave to file a Second Amended Complaint;
2. The Clerk is DIRECTED to file the Second Amended Complaint which was lodged by Plaintiff on November 14, 2013; and
3. Plaintiff's motion requesting status and requesting permission to file summonses, filed on May 9, 2013, is RESOLVED by this order.

IT IS SO ORDERED.

Dated:   **November 20, 2013**               /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE