UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. YULIT, et al.,<br><br>　　　　Defendants. | 1:12-cv-00947-GSA-PC<br><br>ORDER STRIKING THIRD AMENDED COMPLAINT LODGED ON JANUARY 15, 2014<br>(Doc. 27.)<br><br>THIRTY DAY DEADLINE TO FILE MOTION TO AMEND |

**I.　BACKGROUND**

　　Robert Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 1, 2012. (Doc. 1.) On June 19, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have appeared. (Doc. 9.)

　　Plaintiff filed the First Amended Complaint on January 14, 2013. (Doc. 21.) On November 14, 2013, Plaintiff submitted a proposed Second Amended Complaint, which was lodged by the court. (Doc. 24.) After reviewing Plaintiff's complaints, the court *sua sponte* granted Plaintiff leave to amend, and the Second Amended Complaint was filed on November 20, 2013. (Docs. 25, 26.)

///

On January 15, 2014, Plaintiff submitted a proposed Third Amended Complaint, which was lodged by the court. (Doc. 27.)

**II.     RULE 15(a) - LEAVE TO AMEND**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint three times, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

Plaintiff submitted the proposed Third Amended Complaint without leave to amend, and without requesting leave to amend.[1] For this reason, the lodged Third Amended Complaint shall be stricken from the record.[2]

Should Plaintiff wish to file a Third Amended Complaint, he must file a motion to amend and concurrently lodge the proposed Third Amended Complaint. In the motion to amend, Plaintiff must explain how the Third Amended Complaint is different from the Second

---

[1] The proposed Third Amended Complaint contains more than forty-three pages including exhibits. Given the length of the proposed complaint and the fact that Plaintiff has not provided any justification for amending the complaint at this juncture, the court shall not *sua sponte* grant Plaintiff leave to amend.

[2] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

Amended Complaint and why he seeks to make changes. For example, if Plaintiff seeks to add or omit defendants or claims, he should describe these changes and explain why he seeks to make the changes. The court will consider Plaintiff's motion and decide whether to grant leave to amend.

With respect to exhibits to the complaint, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's proposed Third Amended Complaint, lodged on January 15, 2014, is STRICKEN from the record; and

2. Within thirty days of the date of service of this order, Plaintiff may file a motion to amend as instructed by this order, if he so wishes.

IT IS SO ORDERED.

Dated: **January 17, 2014**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE