UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. JOHNSON,<br><br>       Plaintiff,<br><br>   vs.<br><br>DR. YULIT, et al.,<br><br>       Defendants. | 1:12-cv-00947 GSA PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br><br>THIRD AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on JUNE 19, 2012 (ECF No 9).

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)"'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff"s claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff"s factual allegations." <u>Nietze v. Williams</u>, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat"l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting <u>Ivey v.Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.      **Plaintiff's Claims**

This action proceeds on the November 14, 2013, second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against defendant correctional officials employed by the CDCR at SATF. Plaintiff names the following individual defendants: Dr. Yulit, M.D.; E. Chief Medical Officer E. Clark; I. Zamora, Staff Services Manager for California Prison Health Care Services; T. Macias, Chief Executive Officer for Medical Services at CSP Corcoran.

Plaintiff is a diabetic and had been insulin dependent for "over fourteen years." Plaintiff alleges that he has always practiced the "sliding scale" method of controlling his diabetes. Plaintiff alleges that the physicians removed him from the sliding scale method of treatment. Plaintiff filed a grievance regarding the issue. The balance of his allegations relate to the denial of the grievance at various levels of review.

Plaintiff attaches as an exhibit to the amended complaint a copy of Plaintiff's second level appeal along with the response. The response indicates the following.

> You were interviewed on 9/20/10 by P. Rouch; NP regarding your sliding scale insulin. You were informed that your blood sugars are well controlled without a sliding scale at this time. The nurse practitioner is a qualified medical professional that is able to make this determination. You may disagree with her decision but it does not mean that she is wrong. It is not necessary that you agree with your treatment. It is necessary that you consent to your treatment. Your medical history indicates that you have refused lab draws, finger stick blood sugar checks and insulin. These actions impact the ability to control your blood sugar levels. Dr. Ulit also determined that your blood sugar levels are well controlled without a sliding scale. You have been presented with the opportunity to discuss your request for the reinstatement of the sliding scale. The basis of the decision to deny the reinstatement of the sliding scale is that your blood sugar levels are well controlled at this time.

### A. Eighth Amendment

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a „deliberate indifference to serious medical needs of prisoners."" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Plaintiff is advised that he cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). That is the case here. Plaintiff's central allegation is that he disagrees with the diagnosis of medical officials. Plaintiff's own exhibit indicates that competent medical officials decided that the sliding scale method of

treatment was no longer appropriate. Plaintiff has not alleged any facts indicating that a medical professional deemed that decision to be deliberately indifferent. Plaintiff's central claim rests on his own conclusory opinion that the doctors were wrong.

Plaintiff has not alleged facts suggesting deliberate indifference. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.   Conclusion

The Court has screened Plaintiff's second amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to

the prior or superseded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)).

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's second complaint is dismissed, with leave to amend, for failure to state a claim;

      2.    The Clerk's Office shall send to Plaintiff a complaint form;

      3.    Within **thirty** days from the date of service of this order, Plaintiff shall file a third amended complaint;

      4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

      5.    If Plaintiff fails to file a third amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 18, 2015**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE