# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. ULIT, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00947-SAB-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE UNDER 28 U.S.C. §1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's April 16, 2015, Third Amended Complaint, filed in response to an order dismissing the Second Amended Complaint and granting Plaintiff leave to amend.

**I.**

**PROCEDURAL HISTORY**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this action against defendant correctional officials employed by the CDCR at SATF. Plaintiff names as Defendants the following individuals: Dr. W. Ulit; "Nurse Physician" P. Rouch; Chief

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 19, 2012 (ECF No. 9).

1 Medical Officer E. Clark; Executive Officer T. Macias; Prison Health Care Manager I. Zamora.
2 Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition of
3 Plaintiff's, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

4     This action was initiated by civil complaint filed on June 1, 2012. (ECF No. 1.)  Plaintiff
5 filed a motion for leave to file an amended complaint, which was granted.  On January 14, 2013,
6 Plaintiff filed a First Amended Complaint (ECF No. 21.)  On November 20, 2013, Plaintiff filed
7 a Second Amended Complaint. (ECF No. 26.)  On January 15, 2014, Plaintiff filed a Third
8 Amended Complaint, which was stricken on January 17, 2014, on the ground that Plaintiff did
9 not seek leave of court to amend. (ECF NO. 28.)    On March 18, 2015, an order was entered,
10 dismissing the January 15, 2014, Second Amended Complaint for failure to state a claim and
11 granting Plaintiff leave to file a Third Amended Complaint. (ECF No. 33.)  On April 16, 2015,
12 Plaintiff filed the Third Amended Complaint that is before the Court.

## II.

## ALLEGATIONS

15     Plaintiff's allegations stem from his treatment for diabetes.   In the order dismissing the
16 Second Amended Complaint, the Court noted that Plaintiff is a diabetic and has been insulin
17 dependent for over fourteen years.  Plaintiff alleges that he has always practiced the "sliding
18 scale" method of treatment for his diabetes.  Plaintiff alleges that the prison physicians have
19 discontinued the sliding scale method of treatment for Plaintiff.  In the order dismissing the
20 Second Amended Complaint, the Court noted that Plaintiff's exhibits attached to his original
21 complaint indicated that the decision to discontinue the sliding scale method of treatment was
22 based upon professional medical opinion.[2]  Specifically, page 6 of Plaintiff's Exhibits to his
23 Complaint includes the response to Plaintiff's grievance at the second level of appeal.

> You were interviewed on 9/20/10 by P. Rouch, NP regarding your sliding scale insulin.  You were informed that your blood sugars are well controlled without a sliding scale at this time.  The nurse practitioner is a qualified medical professional that is able to make this determination.  You may disagree with her decision but it does

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

>   not mean that she is wrong.  It is not necessary that you agree with your treatment.  It is necessary that you consent to your treatment.  Your medical history indicates that you have refused lab draws, finger stick blood sugar checks and insulin.  These actions impact the ability to control your blood sugar levels.  Dr. Ulit also determined that your blood sugar levels are well controlled without a sliding scale.  The basis of the decision to deny the reinstatement of the sliding scale is that your blood sugar levels are well controlled at this time.

(Exhibit to Complaint, p. 6).

### III.

### ANALYSIS

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be "a deliberate indifference to serious medical needs of prisoners." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

The Court advised Plaintiff that he could not prevail in a section 1983 action where only the quality of treatment is subject to dispute.  "A difference of opinion between a physician and the prisoner – concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012)(citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012)(citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his]health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332)(internal quotation marks omitted).

The Court noted that Plaintiff had not alleged any facts indicating that a medical

professional deemed the decision to discontinue the sliding scale method to be medically unacceptable.  Plaintiff was specifically advised that he must allege facts indicating that each individual defendant knew of and disregarded a serious risk to Plaintiff's health.

In the Third Amended Complaint that is before the Court, Plaintiff provides greater factual detain regarding his medical condition, but does not allege any facts that link any of the named Defendants to conduct that constitutes deliberate indifference.  Plaintiff alleges generally that "deliberate indifference with malpractice began when Johnson's 602 grievance appeal . . . having pain, dizziness, loss of breath, body aches." (Page 1 of narrative attachment to Third Amended Complaint, lines 5-6.)   Plaintiff alleges generally that his "deteriorating health and loss of breath" was not a concern of Defendants Clark, Macias and Zamora.  (Id. at 1:11.)

The Third Amended Complaint consists of a narrative interspersed with legal argument. Plaintiff sets forth numerous generalized allegations regarding the treatment for his diabetes, but fails to specifically allege dates as to when he was seen by particular Defendants.  Plaintiff contends that he "is not arguing that this is simply a difference of 'opinion,' as Rouch  suggest. But that all insulin, especially sliding-scale most importantly out of it all, is a serious need and a mandatory daily need."  (Id. 1:14-15.)    Plaintiff alleges that he continues to suffer from neuropathy that is directly related to Ulit's treatment.  Plaintiff does not, however, allege that he was seen by a medical professional and diagnosed with neuropathy that resulted directly from his insulin treatment.  Plaintiff is not a medical professional, and may not hold Defendants liable because, in his view, he suffers as a result of his treatment regimen.

Plaintiff alleges that, in his view, "all suffering, fear, cell-damage, pain could/should have been safely avoided had all Defendants not intentionally interfered with 'A.D.A.' American Diabetes Ass. Safety requirements by Defendants committing themselves in practicing the exact opposite protocols that A.D.A. teach.  Ulit, Rouch, Clark, Macias, cohearsed [sic] together." (Id. 2:13-16.)    Plaintiff appears to argue that Defendants' violated the American Diabetes Association protocols.  Plaintiff alleges that Defendant Ulit provided "the exact opposite" of what the protocols require.  (Id. 3:13.)

Throughout the Third Amended Complaint, Plaintiff sets forth  generalized allegations

4

1 that Defendants were deliberately indifferent to his serious medical needs, but does not allege facts indicating that each Defendant engaged in particular conduct on a particular occasion that constituted deliberate indifference, as that term is defined above. Plaintiff alleges that Defendant Zamora "knew the extent of Johnson's pain, no food, black-out, continual insulin being took outside of sliding scale is a one way course of treatment being largely ineffective, wrong, and just doesn't work, and still declined to do anything." (Id. 3:21-23.) Plaintiff also refers to the effects of his refusal to eat meals. Plaintiff alleges that he "did constantly refuse (and Rouch, Clark, Zamora failed to do due-process) between August 2010 through March 2011, due to not having enough insulin, was to eat many of meals[sic]." (Id. 6:18-19.)

Plaintiff alleges that it was "clearly proven" that he had high blood sugar and not enough insulin. (Id. 6:24.) Plaintiff contends that "this also shows that Defendants didn't care how Plaintiff was going to eat nor give due-process in answering this grievance by Johnson." (Id. 6:26.) Plaintiff alleges that he couldn't eat dinner because he did not have enough insulin to protect him. Plaintiff alleges that the only way that he could avoid high blood sugar was to throw away food. Plaintiff alleges that "daily finger stick/accu-check showing several meals being thrown away on days with high blood sugar." (Id. 7:2.)

Plaintiff refers to an accommodation chrono that he requested, which would authorize Plaintiff to eat only after his blood sugar was 130 mg or less. The chrono would have authorized Plaintiff to store food, which is otherwise not allowed. Plaintiff alleges that Defendants' refusal to authorize such a chrono constituted deliberate indifference. Plaintiff also alleges that when he was transferred to another prison, the physicians there returned him to the sliding scale method of treatment.

The Court dismissed the Second Amended Complaint for failure to state a claim upon which relief could be granted. In the March 18, 2015 order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Plaintiff was advised that the central claim in his action – that he disagreed with the decision to discontinue the sliding scale method of treatment – constituted a difference of opinion with medical professionals and thus did not state a

claim for relief.  In his Third Amended Complaint, Plaintiff re-states his allegations, albeit at greater length and interspersed with legal argument.

Plaintiff also alleges that the failure to provide him with a medical chrono authorizing him to eat when his blood sugar was at a particular level fails to state a claim for relief.  As noted, when there is a difference of opinion between a prisoner and a prison medical professional, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his]health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332)(internal quotation marks omitted).  Plaintiff has not alleged any facts here indicating that a medical professional determined that the denial of the chrono was medically acceptable under the circumstances.  That Plaintiff believes it is so does not state a claim for relief.

Further, even if Plaintiff were to allege facts indicating that officials were deliberately indifferent to a serious medical need, he has failed to link any of the named Defendants to particular conduct that constitutes deliberate indifference.  In the order dismissing the Second Amended Complaint, Plaintiff was specifically advised that in order to hold each individual defendant liable, he must name the individual defendant and explain how that Defendant deprived Plaintiff of a protected right.  An allegation that Plaintiff has diabetes and that Defendants in general have refused to accommodate Plaintiff's requests do not state a claim for relief.

Plaintiff has amended his complaint as a matter of right, and has further amended the complaint in response to an order that specifically identified the deficiencies in the Second Amended Complaint.  The Court finds that the Third Amended Complaint cannot be cured by further amendment.  The facts alleged clearly indicate that Plaintiff has been treated for diabetes, and that Plaintiff disagrees with the course of that treatment.  Plaintiff does not allege any facts suggesting that a medical professional deemed Plaintiff's course of treatment to be medically unacceptable.  Throughout his Third Amended Complaint, Plaintiff asserts his belief that his Defendants' conduct was negligent.  Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900

1  F.2d 1332, 1334 (9th Cir. 1990).  Allegations indicating medical malpractice do not state a claim
2  under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, (1977); Snow v. McDaniel, 681
3  F.3d 978, 987-88 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d
4  1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012)("The
5  deliberate indifference doctrine is limited in scope.").

6       Further, Plaintiff was clearly advised that he must link each Defendant with conduct that
7  constituted deliberate indifference.  Plaintiff was advised that in order to state a claim against an
8  individual, he must "name the individual defendant, describe where that defendant is employed
9  and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff
10 should state clearly, in his own words, what happened.  Plaintiff must describe what each
11 defendant, *by name*, did to violate the particular right described by Plaintiff."  (ECF No. 33,
12 4:10-13.)  In the Third Amended Complaint, Plaintiff has failed to link any of the individual
13 Defendants to conduct that constitutes deliberate indifference.  Throughout the Third Amended
14 Complaint, Plaintiff refers to defendants in general, and asserts conclusory allegations against
15 medical and correctional officials generally.

16      Plaintiff also names supervisory Defendants Chief Medical Officer Clark, Executive
17 Officer T. Macias and Prison Health Care Manager I. Zamora.  Government officials may not be
18 held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft
19 v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a
20 theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has
21 violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state
22 claim for relief under section 1983, Plaintiff must link each named defendant with some
23 affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   He has
24 failed to do so here.

25 **IV.**

26 **CONCLUSION AND ORDER**

27      Because Plaintiff has not filed a Third Amended Complaint that corrects the deficiencies
28 identified by the Court in the order dismissing the First Amended Complaint, the Court dismisses

7

this action with prejudice for failure to state a claim upon which the Court could grant relief. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not be cured by the allegation of other facts); See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief can be granted;
2. This action counts as a strike under 18 U.S.C. § 1915(g); and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 23, 2015**                              _____
                                                             UNITED STATES MAGISTRATE JUDGE